■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT DAVIDSON, Appellant.— Order, Supreme Court, New York County, entered March 8, 1973, which denied without an evidentiary hearing a motion to vacate a judgment of the Supreme Court, New York County, rendered February 24, 1971 convicting the petitioner on a plea of guilty of manslaughter second degree and sentencing him to a term of from 3 to 10 years, affirmed. After we have held that the sentence imposed was not excessive (40 A D 2d 628) and after the defendant has made several unsuccessful applications on other grounds for post-conviction relief and without any previous remonstrance as to an unkept promise by his attorney at the time of sentencing, defendant now alleges that there was a lesser sentence promise by the court (the sentencing Judge now being deceased) and his then counsel seems to concur in an equivocal statement as follows: " After extended colloquy before the Bench, Judge Backer advised me he would sentence the defendant under the Class E felony statute, but refused to bind himself to a maximum of 3 years as I strongly advanced, qualifying such refusal by stating that he would be guided by the Probation Report as to a lesser sentence than the 4 years permissible under the Class E designation. Upon my advising the defendant that he could rely upon receiving a sentence of not more than a maximum of 4 years and quite possibly less, depending upon the Probation report, the defendant, upon such advice, pleaded guilty to the Class C felony. In my considered opinion, the sentence imposed therefore, was inconsistent with the promise made to me." To order a hearing under these circumstances as the dissent would have us do, is to make a charade out of criminal procedure. A hearing is not always necessary. (People v. McClain, 32 N Y 2d 697.) In People v. Carter (31 N Y 2d 964) the ample evidence in the record sufficed. Concur — Stevens, P. J., Nunez, Kupferman and Lane, JJ.; Murphy, J., dissents in the following memorandum: Petitioner was permitted to plead guilty to manslaughter in the second degree to cover two indictments charging him with murder and grand larceny. During the plea colloquy petitioner was advised by the court that as a result of discussions held with defense counsel and the Assistant District Attorney, he would receive a sentence of no more than 3 to 10 years unless the probation report indicated a more severe sentence was called for, in which event he would be permitted to withdraw his plea. The promised sentence was thereafter imposed and we held that it was not excessive. (People v. Davidson, 40 A D 2d 628.) Defendant thereafter made several applications for post-conviction relief. In the first, he asserted,

*inter alia,* that he had been improperly persuaded to plead guilty by his attorney. The motion was denied, as was leave to appeal. Defendant then alleged that his attorney had promised him a lighter sentence. Again, the motion was denied; and defendant's application for further review met a similar fate. One of the grounds cited below for denying the second application was defendant's failure to obtain any corroboration from his attorney. (*People* v. *Scott,* 10 N Y 2d 380.) In appellant's current application for the same relief, the denial of which is now before us for review, the prior defect has been cured. Counsel's affirmation states that the court promised him petitioner would be sentenced to no more than four years. Upon his relaying such information to petitioner, the guilty plea was offered and accepted. Despite the District Attorney's concession that appellant is entitled to an evidentiary hearing on the question of the existence of the unfulfilled promise, the majority would affirm the order on appeal. I disagree. Sworn statements of the defendant and his counsel as to a sentence promise by the courts have always been sufficient grounds for at least a hearing. While it is true that the record refutes petitioner's claim, and unfortunately the sentencing Judge is now deceased, petitioner has now demonstrated that he is entitled to an opportunity to establish his allegation. (Cf. *Santobello* v. *New York,* 404 U. S. 257; *People* v. *Scott, supra; People* v. *Romano,* 31 N Y 2d 980; *People* v. *Barner,* 39 A D 2d 985.) Petitioner's failure to mention such promise at the time of sentence and in prior proceedings, though disturbing, does not preclude the relief sought. (*People* v. *Esposito,* 32 N Y 2d 921.) All the circumstances of the plea, sentence, post-sentence relief as well as the credibility of the witnesses, can only be resolved at a hearing and not summarily on papers. Accordingly, the order appealed from should be reversed and the case remanded for a hearing before another Judge.